1
2
3
4          # UNITED STATES DISTRICT COURT
5              EASTERN DISTRICT OF CALIFORNIA
6

| | |
|---|---|
| 7    MANUEL RODGERS-CASTILLO, | Case No.  1:25-cv-00623-BAM (PC) |
| 8          Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| 9      v. | |
| 10   ALLEN, *et al.*, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE |
| 11          Defendants. | |
| 12 | |
| 13 | (ECF No. 23) |
| 14 | **FOURTEEN (14) DAY DEADLINE** |

15

16    **I.    <u>Background</u>**

17           Plaintiff Manuel Rodgers-Castillo ("Plaintiff") is a state prisoner proceeding *pro se* and *in*

18    *forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

19           This action was initiated jointly with Milton Rodgers-Castillo on March 12, 2025, while

20    he and Plaintiff were both in custody.  (ECF No. 1.)  Following Milton Rodgers-Castillo's release

21    from custody, the Court ordered Plaintiff and Milton Rodgers-Castillo to show cause why this

22    action should not be severed pursuant to Federal Rule of Civil Procedure 21.  (ECF No. 18.)

23    Following the May 19, 2025 response, the Court found that the action should be severed based on

24    the procedural problems faced by an action brought by an in-custody plaintiff and an out-of-

25    custody plaintiff, and the Court's inability to determine whether the complaint stated any

26    cognizable claims as to either plaintiff.  (ECF No. 23.)  The Court directed that the action be

27    severed, that each plaintiff proceed with their own action, and that each plaintiff file an amended

28    complaint in their own action within thirty days.  Plaintiff's first amended complaint, personally

1

signed and including the case number for this action, or a notice of voluntary dismissal, was

therefore due on or before June 30, 2025.  Plaintiff was explicitly warned that failure to comply

with the Court's order would result in dismissal of Plaintiff's individual action.  (*Id.* at 6.)

Plaintiff failed to file an amended complaint or otherwise communicate with the Court, and the

deadline to do so has expired.

**II.    Failure to State a Claim**

    **A.    Screening Requirement**

    The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

    A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell

Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

    To survive screening, Plaintiff's claims must be facially plausible, which requires

sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret

Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

    **B.    Discussion**

    Based on the complaint as currently drafted, the Court cannot decipher which claims or

factual allegations apply to Plaintiff, to Milton Rodgers-Castillo, or to both.  While some portions

2

of the complaint raise allegations as to both jointly, large portions refer to only a single plaintiff, without ever specifying if those claims or allegations are related to Plaintiff or Milton Rodgers-Castillo.  For example, the complaint states in part:

> On these ICC hearings days the Previously Mention defendants Offended my intelligence by denying me to Present written defense or Constantly Interrupting Plaintiff Verbal defense to the stated reason and circumstance for R.H.U. during classification hearing.  It's my belief it was committee Members intentionally intimidating Plaintiff to shut up, during these hearings They Never Record on the Record what's really transpiring.  None of my Protest Against being Release to "C" or "d" yard of Facility "d" or "C."

(ECF No. 1, p. 4 (unedited text).)  In other parts of the complaint, allegations are attributed to Plaintiff #1—apparently Milton Rodgers-Castillo, (*id.* at 10:8; 11:21.5)—before again referring only to "Plaintiff" or using pronouns like "I, my, or me" without further identification.  As currently drafted, the Court cannot determine that there are any claims common to Plaintiff and Milton Rodgers-Castillo jointly, or even whether each individual states any cognizable claims supported by the factual allegations presented.  Plaintiff was permitted an opportunity to file an individual amended complaint (personally signed by Plaintiff) that complies with the Federal Rules of Civil Procedure and the Local Rules, and he failed to do so.

**III.    Failure to Prosecute and Failure to Obey a Court Order**

**A.    Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal."  *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)

1   (dismissal for failure to comply with court order).

2          In determining whether to dismiss an action, the Court must consider several factors:

3   (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

4   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

5   cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779

6   F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

7          **B.     Discussion**

8          Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the

9   Court's order.  The Court cannot effectively manage its docket if Plaintiff ceases litigating his

10  case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

11         The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a

12  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

13  *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against

14  dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d

15  639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose

16  responsibility it is to move a case toward disposition on the merits but whose conduct impedes

17  progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products*

18  *Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

19         Finally, the Court's warning to a party that failure to obey the court's order will result in

20  dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;

21  *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's May 27, 2025 severance

22  order expressly warned Plaintiff that his failure to file an amended complaint would result in

23  dismissal of this action.  (ECF No. 23.)  Thus, Plaintiff had adequate warning that dismissal could

24  result from his noncompliance.

25         Additionally, at this stage in the proceedings there is little available to the Court that

26  would constitute a satisfactory lesser sanction while protecting the Court from further

27  unnecessary expenditure of its scarce resources.  As Plaintiff is proceeding *in forma pauperis* in

28  this action, it appears that monetary sanctions will be of little use and the preclusion of evidence

4

1    or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

2    **IV.    Conclusion and Recommendation**

3          Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a

4    District Judge to this action.

5          Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY

6    RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim

7    pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to

8    prosecute this action.

9          These Findings and Recommendation will be submitted to the United States District Judge

10   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

11   **(14) days** after being served with these Findings and Recommendation, the parties may file

12   written objections with the Court.  The document should be captioned "Objections to Magistrate

13   Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages**

14   **or include exhibits.  Exhibits may be referenced by document and page number if already in**

15   **the record before the Court.  Any pages filed in excess of the 15-page limit may not be**

16   **considered.**  The parties are advised that failure to file objections within the specified time may

17   result in the waiver of the "right to challenge the magistrate's factual findings" on

18   appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*,

19   923 F.2d 1391, 1394 (9th Cir. 1991)).

20

21   IT IS SO ORDERED.

22      Dated:   **July 15, 2025**              /s/ *Barbara A. McAuliffe*

23                                   UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28